UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DAYMOND JEAN CHARLES PECK,

    Plaintiff,

v.

NILES POLICE DEPARTMENT et al.,

    Defendants.

_____/

Case No. 1:25-cv-779

Hon. Hala Y. Jarbou

## OPINION

This is a civil rights action brought by a county detainee under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's federal claims against Defendants Niles Police Department, Berrien County, and Vital Core. Plaintiff's state law claims against Defendants Niles Police Department, Berrien County, and Vital Core will be dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over such claims.

The Court will also dismiss, for failure to state a claim, Plaintiff's Fifth Amendment and civil conspiracy claims pursuant to 42 U.S.C. § 1986 against remaining Defendants Wainscott and Hairston. Plaintiff's Eighth/Fourteenth Amendment claims, as well as his state law claims, against Defendants Wainscott and Hairston remain in the case, and the Court will direct service of the complaint upon Defendants Wainscott and Hairston.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated at the Berrien County Jail in St. Joseph, Michigan. The events about which he complains occurred there. Plaintiff sues the Niles Police Department, Berrien County, Reserve Officer Unknown Wainscott, Deputy Unknown Hairston, and Vital Core, the company with which Berrien County has contracted to provide medical care to inmates at the jail.

Plaintiff alleges that on May 1, 2024, he was transported to the Berrien County Jail from Corewell Health Lakeland Hospital in Niles, Michigan. (Compl., ECF No. 1, PageID.6.) Defendant Wainscott was the officer who transported Plaintiff. (*Id.*) Plaintiff alleges that he tested positive for fentanyl while at the hospital, and that he was a daily user of fentanyl and other opiates before his incarceration. (*Id.*)

Plaintiff contends that upon his arrival at the jail, Defendant Wainscott was "responsible for handing over the hospital report to the booking officers." (*Id.*) Defendant Hairston was the booking officer who interacted with Defendant Wainscott. (*Id.*) Defendant Hairston was also the officer who booked Plaintiff in the jail. (*Id.*) Defendant Hairston placed Plaintiff in the "withdrawal tank" used for inmates who are detoxing. (*Id.*)

The next morning, Plaintiff was awakened by a nurse who wanted to interview him. (*Id.*) Plaintiff refused because he was experiencing withdrawal symptoms. (*Id.*) Throughout May 2,

2

2025, "other inmates were called to the cell door for medication to assist with the withdrawal." (*Id.*) The nurses told Plaintiff that they had no report regarding him or a "detox/check sheet." (*Id.*)

Several days later, deputies moved Plaintiff to the regular intake cell. (*Id.*) Plaintiff claims that he was forced to sleep on the floor without a mat for over two days in an overcrowded cell while detoxing. (*Id.*) Plaintiff faults Defendant Vital Core for not reviewing the hospital's report and for not creating a check sheet. (*Id.*) Plaintiff also suggests "nurses neglected to find out why a deputy would place [him] in [the] withdrawal tank if it was not needed." (*Id.*)

Based upon the foregoing, Plaintiff states that he is raising Fifth, Eighth, and Fourteenth Amendment claims, a civil conspiracy claim under 42 U.S.C. § 1986, and state law claims for conspiracy and negligence. (*Id.*, PageID.8.) Plaintiff seeks damages. (*Id.*, PageID.9.)

## II. Motion to Appoint Counsel

Plaintiff requests the appointment of counsel to represent him in this matter. (ECF No. 4.) Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position. Plaintiff's motion to appoint counsel (ECF No. 4) will, therefore, be denied.

3

### III.   Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

4

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

      **A.**      **Federal Claims**

            **1.**      **Claims Against the Niles Police Department, Berrien County, and Vital Core**

As noted above, Plaintiff has sued the Niles Police Department, Berrien County, and Vital Core. The Niles Police Department, however, is "subsumed within [the City of Niles] as a municipal entity to be sued under § 1983." *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007); *see also Rhodes v. McDaniel*, 945 F.2d 117, 120 (6th Cir. 1991) (noting that sheriff's departments are part of a larger political subdivision and cannot be sued); *Hale v. Vance*, 267 F. Supp. 2d 725, 737 (S.D. Ohio 2003) (concluding that the Cincinnati Police Department was a "mere arm of the City" and "not its own entity" and, therefore, was "not capable of being sued" under § 1983). For that reason alone, the Niles Police Department is subject to dismissal.

Even assuming that Plaintiff intended to sue the City of Niles, he fails to state a claim upon which relief may be granted. Both Berrien County and the City of Niles cannot be held vicariously liable for the actions of their law enforcement officers under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989). Instead, a municipality is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60. This policy or custom must be the moving force behind the alleged constitutional injury, and the plaintiff must identify the policy or custom, connect it to the governmental entity, and show that his injury was incurred because of the policy or custom. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005).

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the municipality. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690

(1978). Moreover, the Sixth Circuit has explained that a custom "for purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id.* at 508. Plaintiff's complaint is devoid of any allegations suggesting that his alleged constitutional injuries were the result of official policies or customs employed by the City of Niles and Berrien County. The Court, therefore, will dismiss Berrien County as well as any intended claims against the City of Niles. *See Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when plaintiff's allegation of custom or policy was conclusory, and plaintiff failed to state facts supporting the allegation).

Plaintiff has also sued Vital Core, the company with which Berrien County has contracted to provide healthcare to inmates at the jail. Plaintiff contends that Vital Core is responsible for the actions of its employees, and that those employees ignored Plaintiff's health and safety and failed to review hospital reports. (Compl., ECF No. 1, PageID.9.) A private entity, such as Vital Core, that contracts with a governmental entity to perform a traditional governmental function like providing healthcare to inmates can "be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West*, 487 U.S. at 54). The requirements for a valid § 1983 claim against a municipality apply equally to private corporations that are deemed state actors for purposes of § 1983. *See Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) (recognizing that the holding in *Monell* has been extended to private corporations); *Street*, 102 F.3d at 817–18 (same); *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 409 (2d Cir. 1990) (same); *Cox v. Jackson*, 579 F. Supp. 2d 831, 851–52 (E.D. Mich. 2008) (same).

6

For the same reasons that Berrien County cannot be held vicariously liable for the acts of its employees, Vital Core cannot be held vicariously liable for the acts of its employees. Furthermore, Plaintiff's complaint does not set forth sufficient allegations suggesting that his alleged constitutional injuries were the result of official policies or customs employed by Vital Core. In his complaint, Plaintiff alleges that "[n]ot only did Vital Core fail to review the hospital[']s] report, they failed to create a check sheet." (Compl., ECF No. 1, PageID.6.) First, Plaintiff does not allege that Vital Core has a custom or policy regarding the creation of any "check sheet" that is referenced by Plaintiff. Furthermore, even if Vital Core has a custom or policy to review hospital reports and create "check sheets" for detainees who are detoxing, Plaintiff does not allege facts from which the Court could infer that the custom or policy itself led to his alleged constitutional injuries. Instead, Plaintiff suggests that the failure to follow any such custom or policy led to his alleged injuries. Accordingly, for the foregoing reasons, Plaintiff also fails to state a claim against Vital Core.

In sum, for the foregoing reasons, Defendants Niles Police Department, Berrien County, and Vital Core will be dismissed.

### 2. Fifth Amendment Claims

Plaintiff also states that he is bringing suit under the Fifth Amendment. The Court presumes that Plaintiff is invoking the Fifth Amendment's Due Process Clause. The Fifth Amendment applies only to claims against federal employees. In this action, Plaintiff sues state actors. Plaintiff, therefore, cannot maintain his Fifth Amendment claims, and those claims will be dismissed. *See, e.g.*, *Scott v. Clay Cnty., Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000) (noting that "[t]he Fourteenth Amendment's Due Process Clause restricts the activities of the states and their instrumentalities; whereas the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government").

7

### 3. Claims Under the Eighth and Fourteenth Amendments

Plaintiff also invokes the Eighth Amendment without providing further explanation. Presumably, Plaintiff invokes the Eighth Amendment's prohibition on cruel and unusual punishment. Plaintiff also indicates he is raising claims under the Fourteenth Amendment's Due Process Clause. The Court construes Plaintiff's complaint to assert claims premised upon a lack of adequate medical care while he was detoxing by failing to keep him in the "withdrawal cell" and for placing him in the overcrowded general intake cell for over two days, forcing Plaintiff to sleep on the floor without a mat.

Plaintiff does not indicate whether he is a pretrial detainee or a convicted prisoner. Both "[t]he Eighth and Fourteenth Amendments are violated 'when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs—*e.g.*, food, clothing, shelter, medical care, and reasonable safety.'" *Griffith v. Franklin Cnty.*, 975 F.3d 554, 566 (6th Cir. 2020) (citations omitted). The application of the proper constitutional right depends on the nature of Plaintiff's detention: the Eighth Amendment applies to convicted prisoners and the Fourteenth Amendment applies to pretrial detainees. *Id.* (citations omitted). Because Plaintiff does not specify the nature of his custody, the Court considers Plaintiff's claims under both the Eighth and Fourteenth Amendment standards.

An Eighth Amendment claim has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the inmate must show that he faced a sufficiently serious risk to his health or safety. *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 834). The subjective component requires an inmate to show that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Id.* Deliberate indifference "entails something more than mere negligence," but can be

8

"satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835.

Until recently, the Sixth Circuit "analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Greene v. Crawford Cnty.*, 22 F.4th 593, 605 (6th Cir. 2022) (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 591 (6th Cir. 2021)). However, in *Kingsley v. Hendrickson*, the United States Supreme Court differentiated the standard for excessive force claims brought by pretrial detainees under the Fourteenth Amendment's Due Process Clause from those brought by convicted prisoners under the Eighth Amendment. 576 U.S. 389, 392–93 (2015). Specifically, the United States Supreme Court held "that a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396–97.

However, *Kingsley* left unanswered the question of "whether an objective standard applies in other Fourteenth Amendment pretrial-detainment context[s]." *Brawner*, 14 F.4th at 592. Subsequently, in *Brawner*, the Sixth Circuit modified the second prong of the deliberate indifference test applied to pretrial detainees to require only recklessness. *Id.* at 592, 596. At issue in *Brawner* was a pretrial detainee's claim for deliberate indifference to medical needs. The Sixth Circuit held that to show deliberate indifference, "[a] pretrial detainee must prove 'more than negligence but less than subjective intent—something akin to reckless disregard.'" *Id.* at 596–97 (quoting *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)); *see also Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 316–17 (6th Cir. 2023) (affirming that *Kingsley*, as interpreted by *Brawner*, required courts to "lower the subjective component from actual knowledge to recklessness"). That is, a pretrial detainee must show that the defendant acted "deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of

9

harm that is either known or so obvious that it should be known." *Brawner*, 14 F.4th at 596 (citation and quotation marks omitted). Further, a pretrial detainee must still show that he faced a sufficiently serious risk to his health or safety to satisfy the objective prong. *Cf. Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022) (stating that "*Brawner* left the 'objectively serious medical need' prong untouched"); *Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims).

Plaintiff faults Defendant Wainscott for failing to provide the hospital report from when Plaintiff was discharged to the deputies at the jail, and he faults Defendant Hairston, the booking officer, for failing to provide that report to the nurses. (Compl., ECF No. 1, PageID.8.) Plaintiff also asserts that Deputy Hairston should have told medical personnel why he placed Plaintiff in the withdrawal tank. (*Id.*)

As to the objective prong, Plaintiff asserts that he was a daily user of fentanyl and other opiates and that he was going through withdrawal at the time he was booked into the jail. The Sixth Circuit has held that "drug or alcohol-related symptoms, like those associated with withdrawal or overdose, are sufficiently serious and obvious to laymen." *Grote v. Kenton Cnty.*, 85 F.4th 397, 406 (6th Cir. 2023). Here, Plaintiff avers that he was a daily user of fentanyl and other opiates before he was detained, and that he tested positive for fentanyl while at the hospital prior to his transport to the jail. (Compl., ECF No. 1, PageID.6.) In light of the foregoing, the Court concludes, for purposes of this opinion, that Plaintiff has alleged sufficient fact for purposes of the objective prong of either an Eighth Amendment or Fourteenth Amendment claim.

With respect to the subjective prong, as set forth above. under the Eighth Amendment, Plaintiff must allege facts suggesting that Defendants Wainscott and Hairston acted with deliberate indifference, which "entails something more than mere negligence," but can be "satisfied by

something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. For purposes of the Fourteenth Amendment, Plaintiff must allege facts suggesting that Defendants Wainscott and Hairston acted "deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Brawner*, 14 F.4th at 596 (citation and quotation marks omitted).

Here, Plaintiff alleges that Defendant Wainscott was the officer who transported him from the hospital to the jail, and that Defendant Wainscott failed to provide the hospital report to Defendant Hairston, who was responsible for booking Plaintiff into the jail. (Compl., ECF No. 1, PageID.6.) Defendant alleges further that Defendant Hairston then placed him into the "withdrawal tank" used for inmates who were detoxing, but failed to tell medical staff his reasoning for placing Plaintiff in the "withdrawal tank." (*Id.*) Ultimately, because of that alleged failure, Plaintiff did not receive medication to assist with withdrawal, and he was moved to the regular intake cell, where he was forced to sleep on the floor without a mat for over two days while going through withdrawal. (*Id.*) At this time, taking Plaintiff's allegations as true and in the light most favorable to him, the Court will not dismiss Plaintiff's Eighth/Fourteenth Amendment claims against Defendants Wainscott and Hairston on initial review.

    **4.    Civil Conspiracy Under 42 U.S.C. § 1986**

Plaintiff also suggests that he is asserting civil conspiracy claims pursuant to 42 U.S.C. § 1986. Section 1986 provides:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons

11

> guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

*See* 42 U.S.C. § 1986.

"Section 1986 is designed to punish those who aid and abet violations of § 1985." *Haverstick Enters., Inc. v. Fin. Fed. Credit, Inc.*, 32 F.3d 989, 994 (6th Cir. 1994) (quoting *Browder v. Tipton*, 630 F.2d 1149, 1155 (6th Cir. 1980)). Section 1985 covers: (1) conspiracies to prevent an officer of the United States from performing his duty; (2) conspiracies to intimidate a participant in a proceeding in a court of the United States or conspired to interfere with due process in state courts with the intent to deprive persons of their equal protection rights; and (3) conspiracies to deprive any person of the equal protection of the laws. *See* 42 U.S.C. § 1985. Plaintiff's complaint is devoid of facts that would support a claim that any named Defendant conspired to do one of those three actions. Thus, because Plaintiff has not alleged a violation of § 1985, there can be no violation of § 1986. *See Haverstick Enters., Inc.*, 32 F.3d at 994. Accordingly, Plaintiff's civil conspiracy claims pursuant to § 1986 will be dismissed.

     **B.**    **State Law Claims**

As set forth above, Plaintiff also asserts state law claims for civil conspiracy and negligence. However, § 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Therefore, any assertion by Plaintiff that Defendants violated state law fails to state a claim under § 1983.

12

Further, in determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)). Here, because the Court has dismissed Plaintiff's federal claims against Defendants Niles Police Department, Berrien County, and Vital Core, the balance of the relevant considerations weights against the continued exercise of supplemental jurisdiction with respect to Plaintiff's state law claims against those Defendants. The Court, therefore, will dismiss Plaintiff's state law claims against Defendants Niles Police Department, Berrien County, and Vital Core without prejudice. However, because Plaintiff's Eighth/Fourteenth Amendment claims against Defendants Wainscott and Hairston remain in the case, the Court will exercise supplemental jurisdiction over Plaintiff's state law claims against Defendants Wainscott and Hairston.

## Conclusion

The Court will deny Plaintiff's motion to appoint counsel. (ECF No. 4.) Moreover, having conducted the review required by the PLRA, the Court determines that Plaintiff's federal claims against Defendants Niles Police Department, Berrien County, and Vital Core will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's state law claims against Defendants Niles Police Department, Berrien County, and Vital Core will be dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over such claims.

The Court will also dismiss, for failure to state a claim, Plaintiff's Fifth Amendment and civil conspiracy claims pursuant to 42 U.S.C. § 1986 against remaining Defendants Wainscott and

Hairston. Plaintiff's Eighth/Fourteenth Amendment claims, as well as his state law claims, against Defendants Wainscott and Hairston remain in the case, and the Court will direct service of the complaint upon Defendants Wainscott and Hairston.

An order consistent with this opinion will be entered.

Dated: August 19, 2025                    /s/ Hala Y. Jarbou
                                          HALA Y. JARBOU
                                          CHIEF UNITED STATES DISTRICT JUDGE